UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                  **DECISION AND ORDER**

v.

                                  1:18-CR-00081 EAW

DANIEL HUNT,

          Defendant.

_____

## I. BACKGROUND

Defendant Daniel Hunt ("Defendant") is charged by way of a superseding indictment returned on April 4, 2018, with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Dkt. 9). The charges relate to a semi-automatic rifle and ammunition recovered by officers employed by the Lockport Police Department on or about September 21, 2017, during a traffic stop of a 2013 black Chevrolet Silverado pickup truck driven by Defendant.

All pretrial matters were referred to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Dkt. 37). On April 17, 2019, Defendant filed a supplemental motion to suppress evidence obtained from the traffic stop. (Dkt. 41). The Government filed papers in opposition to Defendant's motion on May 8, 2019 (Dkt. 47), and Defendant filed reply papers on May 14, 2019 (Dkt. 48). Oral argument was held before Judge McCarthy on June 3, 2019, and he determined that a hearing was necessary to resolve the suppression motion. (Dkt. 50).

Judge McCarthy conducted a suppression hearing on July 25, 2019, at which time the Government presented the testimony of Lieutenant Steven Tarnowski from the Lockport Police Department and entered into evidence exhibits 2 through 6. (Dkt. 58; Dkt. 60; Dkt. 65). Defendant did not present any testimony at the hearing, but he entered into evidence exhibits I, L, M, N, and O. (Dkt. 58; Dkt. 60; Dkt. 65). The parties filed post-hearing memoranda on October 21, 2019 (Dkt. 66 (Defendant's Memorandum); Dkt. 67 (Government's Memorandum)), and although Judge McCarthy set a deadline for the filing of reply memoranda (Dkt. 63), only Defendant took advantage of that opportunity and filed a reply memorandum on October 28, 2019 (Dkt. 68). Oral argument was held before Judge McCarthy on November 5, 2019, at which time he reserved decision. (Dkt. 69).

On November 18, 2019, Judge McCarthy issued a Report and Recommendation, recommending that Defendant's motion to suppress be granted. (Dkt. 70). Specifically, Judge McCarthy reached the following conclusions: (1) the Government failed to demonstrate the existence of reasonable suspicion for the traffic stop, which was based on an alleged non-criminal violation that an individual kicked trash into a canal (*id.* at 5-7); and (2) even if the stop of the vehicle was lawful, the Government failed to establish that the subsequent search of the vehicle fell within the inventory search exception to the warrant requirement or that the firearms and ammunition would have inevitably been discovered through an inventory search (*id.* at 7-13).

On December 13, 2019, the Government filed objections to the Report and Recommendation. (Dkt. 80). The Government's objections take issue with Judge McCarthy's conclusion that the initial traffic stop was unlawful. (*Id.* at 7-11). However,

with respect to the appropriateness of the search itself, the Government no longer relies on the inventory search exception to the warrant requirement, instead switching gears and claiming that the search was permissible under the automobile exception, an argument that was not raised before Judge McCarthy. (*Id.* at 11-12).

Defendant filed a response on January 3, 2020 (Dkt. 82), and oral argument was held before the undersigned on January 14, 2020, at which time the Court reserved decision and requested additional information from the parties (Dkt. 84; *see* footnote 1, *infra*). In accordance with the schedule set by the Court, the Government forwarded its additional submission on January 17, 2020 (Dkt. 86), and Defendant submitted a response on January 24, 2020 (Dkt. 85), at which time the matter was taken under advisement by the undersigned.

## II. <u>LEGAL STANDARD</u>

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Moreover, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United*

States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

### III. ANALYSIS

The Court does not need to decide whether the initial stop of the vehicle was justified because even if it was,[1] Judge McCarthy appropriately concluded that the Government failed to demonstrate the applicability of the inventory search exception (Dkt. 70 at 7-13), and the Government does not contest that conclusion. While the Government now tries to change course and rely on the automobile exception, its failure to raise that argument before Judge McCarthy is fatal to its claim.

Even if the Court reached the merits of the automobile exception, the motion to suppress would still be granted. The automobile exception "permits law enforcement to conduct a warrantless search of a readily mobile vehicle where there is probable cause to believe that the vehicle contains contraband." *United States v. Navas*, 597 F.3d 492, 497

---

[1] The Government is apparently unable to produce the ordinance that served as the basis for the traffic stop. In its objections, the Government argued that "a violation of the City of Lockport Ordinance section 115(3) is [a] violation punishable by a $250 fine or imprisonment up to 15 days." (Dkt. 80 at 3). At oral argument before the undersigned, Defendant's counsel suggested that he was unable to locate any such ordinance, and the Court requested that the Government submit the ordinance. The Government agreed, but instead submitted what appears to be a computer printout of an arrest record kept by the Lockport Police Department for a violation of Lockport City Ordinance § 113(5), which the Government contends was misidentified in the suppression hearing transcript as § 115(3). (Dkt. 86). Regardless of whether the provision is § 113(5) or § 115(3), the Government has failed to provide the Court with a copy of the applicable ordinance. Moreover, the Court's own research has failed to uncover a Lockport City Ordinance designated as either § 113(5) or § 115(3), and indeed the Court's research suggests that Chapter 113 of the Lockport Municipal Code was superseded by L.L. No. 4-2011, adopted on August 17, 2011 (*i.e.* long before the traffic stop in this case). On this basis alone, it would likely be appropriate for the Court to conclude that the initial stop was unjustified.

(2d Cir. 2010). Here, the Government argues that the automobile exception applies because drug paraphernalia—namely a "grinder"—was observed by the Lockport police officers, thus justifying the search of the vehicle. (*See* Dkt. 80 at 12 ("[T]he police permissibly discovered the grinder in the vehicle which supplied them with probable cause to believe that the vehicle contained contraband or other evidence of a crime relating to the grinder.")).

However, the credible evidence in the record does not support the Government's contention. The Court has carefully reviewed the transcript of the suppression hearing, and nowhere in that transcript does Lieutenant Tarnowski testify concerning observations of a grinder, nor does he cite to that as a basis for his search. (*See* Dkt. 65). Instead, Lieutenant Tarnowski plainly testified that he conducted an "inventory search" of the vehicle. (*Id.* at 78-79). Moreover, Lieutenant Tarnowski specifically testified that he did not recall if any drugs were recovered during the search of the vehicle (*id.* at 134-135), and he certainly made no mention of observing a grinder or any type of drug paraphernalia so as to justify the search. Likewise, there is no proof in the documentary evidence admitted during the suppression hearing that either a grinder or drugs were recovered from the vehicle. For instance, the Lockport Police Department Tow Report makes no mention of drugs or drug paraphernalia (or for that matter, the firearm and ammunition that serves as the basis for the pending charges). (Gov't Ex. 6; *see* Dkt. 65 at 126).

The sole basis for the Government's newfound argument concerning the automobile exception is the audio and video captured by the body cameras introduced into evidence at the suppression hearing as Government Exhibit 3 and Defense Exhibit I. Specifically, the

Government relies upon law enforcement's statements captured by the body cameras telling the occupants of the vehicle that drugs were discovered (*see* Dkt. 80 at 6-7, 12), as well as a portion of the video where one of the police officers appears to waive an object that he claims is a "grinder" found in the front passenger seat, and then later questions that seat's passenger about the item (*see* Def. Ex. I at 11:42-11:44, 12:38-12:44). However, these snippets from the body camera evidence fall far short of satisfying the Government's burden to establish the probable cause necessary to invoke the automobile exception to a warrantless search. *See United States v. White*, 298 F. Supp. 3d 451, 456 (E.D.N.Y. 2018) ("Once it is shown that a warrantless search was conducted, '[t]he burden then shifts to the government to show by a preponderance of the evidence that the police had either reasonable suspicion or probable cause to justify their actions.'" (citation omitted)). Unsworn out-of-court statements made by law enforcement to the vehicle's occupants captured on the body cameras—with no corresponding evidence or sworn testimony—do not satisfy the Government's burden, nor does a fleeting image from a video of some type of object referred to as a "grinder," with no further explanation as to how or why this item would justify a finding of probable cause.

Thus, even if the Court agreed to consider the Government's new argument about the automobile exception—which it has not agreed to do—it would reject the argument because the Government has wholly failed to satisfy its burden to establish that the automobile exception applies.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation (Dkt. 70) to the extent it granted the motion to suppress (Dkt. 41), and Defendant's motion to suppress the evidence recovered from the warrantless search of the automobile on September 21, 2017, is granted.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 18, 2020
Rochester, New York